■ MILLER FARMS, INC., Respondent-Appellant, v. RICHARD SMITH, Appellant, and GLENS FALLS INSURANCE COMPANY, Respondent. (Action No. 1.) SOUTHERNTIER TREE FARMS, INC., Respondent-Appellant, v. RICHARD SMITH, Appellant, and GLENS FALLS INSURANCE COMPANY, Respondent. (Action No. 2.) — MEMORANDUM BY THE COURT. Appeals by defendant Smith from

judgments of the Supreme Court, entered upon decisions, which awarded damages for his negligence in failing to effect fire insurance upon property of plaintiffs. Appeals by plaintiffs from so much of said judgments as dismissed the complaints as against defendant Glens Falls Insurance Company. Appellant Smith was an agent of respondent Glens Falls and of other insurance companies as well. He contends that he agreed with plaintiffs to cause certain automotive vehicles and farm equipment to be insured against loss by fire and orally bound the risk. There was no other evidence of an oral binder and no evidence or indication that Glens Falls, rather than some other company, was to become the insurer, other than Smith's alleged "mental binder" and "determination in [his] own mind". Plaintiffs were not informed as to what carrier would have the risk. On the trial, Smith neither testified nor produced any records. There was ample basis in the evidence for discrediting the testimony given by him on examination before trial, and for finding, as the trial court has done, that there was no binder prior to the fire which destroyed the property and that the applications for insurance upon which Glens Falls acted were not made until after the fire; at which time, as the record discloses, the property to be insured was no longer in existence and, that being so, the purported policies were not, according to respondent's theory, issued upon a meeting of the parties' minds. However, we need not further explore the possible rights of plaintiffs against the insurer, independent of their rights against the agent, as plaintiffs, upon their appeal, concede that the evidence "supports the finding that the defendant Smith failed to provide insurance coverage" and ask reversal of the judgments in favor of Glens Falls only in the event that plaintiffs' judgments against Smith shall be reversed. Judgments affirmed, with one bill of costs to respondents against appellant Smith. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.