Per Curiam.

In this action against Trans World Airlines, Inc. (TWA), plaintiff seeks to recover $8,119.20 paid to one Peters who had issued six airline tickets which TWA refused to honor. Plaintiff proceeds on the theory of agency and alleges breach of contract. The essential facts are not in dispute.
Peters operated a travel agency under the name of “ The Wonderful World of Travel.” He had been an authorized agent of TWA in Hollywood, California, but not in New York, and the California agency was revoked by TWA on December 1, 1969. Shortly prior to such revocation, on November 15, 1969, Peters was introduced to plaintiff as a travel agent who *94 was just commencing to do business in New York. Peters informed plaintiff of a “ wonderful offer * * * given by the airlines ” of a New York-Tel Aviv 30-day tour for $1,353.20, which price included round-trip air travel, tours, first-class hotel accommodations, two meals a day and all ground transportation. Plaintiff gave him $100 as a “ binder ’ ’ for four “ tickets.” Several days later, plaintiff received from Peters a communication under the letterhead of “ The Wonderful World of Travel,” in which he acknowledged receipt of the $100 deposit ‘ ‘ for the tour tickets to Tel Aviv for next summer ’ ’ and suggested that the balance be paid in full as soon as possible. The letter further stated: “We will let you know in the near future of the selection of hotels and tours so that we may confirm everything from this end. You will have a full months stay at your choice of the hotels I mentioned in Tel Aviv and in Jerusalem plus all of the trimmings. Of course this is only an acknowledgement of your deposit and you will be furnished all of the details in the near future.5 ’
On November 26, 1969, plaintiff paid $3,312.80 in cash to Peters and on December 16, 1969, gave him $2,706.40 for two additional tickets and the balance of $2,000 on the original tickets. Upon making these latter payments, plaintiff received six airline tickets issued by Peters on TWA. Each ticket recited a consideration of $1,353.20. The following month, plaintiff attempted to contact Peters for the purpose of completing all arrangements and, when efforts to locate him proved fruitless, he contacted TWA. Thereupon plaintiff was informed that he had been defrauded by Peters, but that TWA^ would not honor the tickets.
The parties stipulated that the round-trip New York-Tel Aviv rate for first-class air travel was $1,353.20 per person, which is the exact amount plaintiff and Peters had agreed upon as the cost of the entire trip, inclusive of tours, hotel accommodations and meals for 30 days. Plaintiff conceded at the trial that Peters did not specify any particular airline for the contemplated trip and that it made no difference to him ‘ ‘ as long as I don’t go to Cuba.” He admitted that it was only after unsuccessfully attempting to locate Peters that he looked at the tickets and ascertained that the name of TWA appeared thereon.
Upon the foregoing facts, the trial court concluded, and we think properly, that plaintiff had not relied upon any authority, actual or apparent, on the part of Peters to act as agent for TWA. However, we disagree with its determination that TWA must bear the loss because it had placed Peters in a position to deceive and defraud plaintiff. *95 It is clear from plaintiff’s own testimony that he treated Peters as a travel broker for the purpose of arranging a trip to Israel, thereby making Peters his own agent. (See Simpson v. Compagnie Nationale Air France, 42 Ill. 2d 496 ; 12 Am. Jur. 2d, Brokers, § 3.) Even if Peters were acting as agent for another principal, under the facts presented such agency would necessarily involve an undisclosed principal. (See, generally, 2 N. Y. Jur., Agency, §§ 303-310.) In the latter situation, no liability could attach to the principal in the absence of a showing that the acts of the agent had been confirmed or ratified by the principal, and there was no such proof here (Unger v. Travel Arrangements, 25 A D 2d 40, 47-48 ; 2 N. Y. Jur., Agency, §§ 304, 310).
Although we have no quarrel with the principle that, as between two innocent parties, the loss should fall upon one who, by his conduct, creates circumstances which enable a third party to perpetrate wrong and cause loss, we fail to discern its applicability to the facts at bar. There is nothing in the record to even remotely suggest that TWA did or refrained from doing anything that might in anywise have contributed to the fraud and deception which were perpetrated upon plaintiff. We are therefore constrained to reverse the judgment and dismiss the complaint for failure of proof.
The judgment should be reversed, with $30 costs to defendant, and complaint dismissed.
Concur — G-roat, P. J., Schwartzwald and Hargett, JJ.
Judgment reversed, etc.