■ VINETA HATTON, Respondent, v QUAD REALTY CORP. et al., Defendants, and HARRIET FLYER, as Custodian for MARK FLYER and Another, et al., Appellants. JULJA EQUITIES, INC., et al., Plaintiffs, and MARTHA GELB et al., Appellants, v VINETA HATTON, Respondent. — In a consolidated action to recover damages for conversion and to foreclose a mortgage, Harriet Flyer, as custodian for Mark Flyer and Steven Flyer, Herman Ginsberg, Martha Gelb, and Tamara Ginsberg appeal, as limited by their brief, from so much of a judgment and order (one paper) of the Supreme Court, Kings County (McKennan, J., at trial; Tenney, J., on the judgment and order), entered January 26, 1983, as is in favor of Vineta Hatton and against them in the aggregate sum of $11,735.45, and as dismissed the complaint of Flyer, Gelb and Tamara Ginsberg seeking to foreclose a mortgage. ¶ Judgment and order affirmed, insofar as appealed from, with costs. ¶ Vineta Hatton is the owner of a certain multifamily dwelling in Kings County, purchased from Quad Realty Corp. (hereinafter Quad) in 1975. Pursuant to the terms of the contract of sale, she took title subject to a $40,000 mortgage on the premises made by Quad to Julja Equities, Inc. (hereinafter Julja) shortly before contract closing. The contract further required Hatton, at the mortgagee's option, to deposit each month with the mortgagee one twelfth of the estimated annual real estate taxes, water and sewer charges, and fire insurance premiums with regard to the premises. At the closing, Mitchell Kaufman, a principal of both Quad and Julja, was designated as the person to whom Hatton was to make the monthly mortgage payments and the payments for water and taxes, sewer charges and insurance premiums. Various shares in the mortgage were then assigned by Julja to several persons, among whom are the appellants, with Julja retaining a small interest. ¶ Hatton made the required monthly payments for several years until she learned that despite her deposit of the requisite funds with Kaufman, the real estate taxes on the property had not been paid. She subsequently entered into an agreement with the City of New York to repay the tax arrearage, and was informally given a moratorium on her mortgage payments while she was complying with this agreement. Some two years later, however, when the appellants requested that plaintiff honor her obligation to them, plaintiff refused to make any further payments. ¶ Hatton then commenced an action to recover damages for the conversion of the fund for payment of the taxes, water and sewer charges and insurance premiums, naming Kaufman, the mortgagor, the mortgagee and all of the assignees as defendants. The mortgagee and its assignees subsequently brought an action to foreclose the mortgage. The two actions were thereafter consolidated. Trial Term held defendants in the conversion action jointly liable, and dismissed the foreclosure action. Appellants do not contest the liability of Kaufman, Quad or Julja, none of whom have appeared in the action, but they do contend that they should not be held responsible for Kaufman's acts, and that, therefore, the foreclosure action should not have been dismissed. ¶ "Agency is a fiduciary

relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act" (*Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, 464, mod on other grounds 52 NY2d 179). By acquiescing in the designation of Kaufman as the person to whom the plaintiff was to make the mortgage payments and the tax, etc., payments and by accepting payment from him over a period of years, appellants impliedly consented to his agency for this purpose. ¶ As a general rule, a principal is liable for conversion by his agent (see *Passaic Falls Throwing Co. v Villeneuve-Pohl Corp.,* 169 App Div 727; *Wembach Corp. v Emigrant Ind. Sav. Bank,* 264 App Div 161, affd 289 NY 662). Although it had long been held that a principal is relieved of liability where his agent is acting for the agent's own purposes (see *Mott v Consumers' Ice Co.,* 73 NY 543), the Court of Appeals has held that the principal will be liable where "the general type of conduct may have been reasonably expected" (*Riviello v Waldron,* 47 NY2d 297, 304). As this court has noted, the key is foreseeability of the tortious conduct by the agent (see *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 440). Taking people as they are, as *Riviello* commands (47 NY2d 297, 305, *supra*), it is certainly foreseeable that an agent entrusted with significant sums of money might convert such funds to his own use. ¶ In addition, we note that under section 261 of the Restatement of Agency 2d, "[a] principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud". The reasoning behind this provision (that as between two innocent parties the one who has allowed the fraud to be perpetrated should bear the loss) has been accepted by New York courts on several occasions (see *Walsh v Hartford Fire Ins. Co.,* 73 NY 5; *Antar v Trans World Airlines,* 66 Misc 2d 93, affd 37 AD2d 921). ¶ Appellants, therefore, are not relieved of their responsibility as principals for the tortious conversion by Kaufman of the tax moneys paid to him by Hatton. ¶ With respect to the foreclosure action, it is well established that a mortgagee is entitled to enforcement of the mortgage contract according to its tenor absent bad faith, fraud, or unconscionable conduct on his part (see *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; *Ferlazzo v Riley,* 278 NY 289). Although it is clear on this record that appellants have not, themselves, engaged in any misconduct, the tortious acts of their agent, for which they are responsible in damages, must also be imputed to them as a defense against the foreclosure action. Trial Term was therefore correct in dismissing the complaint in that action. Titone, J. P., Rubin, Boyers, and Eiber, JJ., concur.