■ ROCKS & JEANS, INC., Respondent, v LAKEVIEW AUTO SALES & SERVICE, INC., Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered June 15, 1990, as granted the plaintiff's motion for partial summary judgment on the cause of action for money had and received.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal concerns the plaintiff's cause of action for the return of a $25,000 deposit the plaintiff paid to a salesman of the defendant for the purchase of an automobile. The salesman later was discovered to be involved in a "pyramid scheme" which resulted in the defrauding of several customers. The defendant, which admits to receiving and cashing the plaintiff's deposit check and not delivering the promised car, argues that factual issues are raised as to the existence of a contract between the parties and as to whether the doctrine of "unclean hands" bars summary judgment. We disagree.

The cause of action at issue is for money had and received, which sounds in quasi contract. The cause of action arises when, in the absence of an agreement, one party possesses money that in equity and good conscience it ought not retain *(see, Board of Educ. v Rettaliata,* 78 NY2d 128). Therefore, the plaintiff need not prove the existence of a contract. The defendant has received a $25,000 benefit which it ought not, in good conscience, retain. It argues that its salesman was acting outside the scope of his actual authority and, therefore, the plaintiff must look to the salesman alone for the return of his deposit. Here, however, although the salesman might have been operating outside the scope of his actual authority, he was still able to bind the defendant within the scope of his apparent authority *(see, Wen Kroy Realty Co. v Public Natl. Bank & Trust Co.,* 260 NY 84; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135; 2 NY Jur 2d, Agency, § 84, at 531-532). The plaintiff's previous relationship with both the defendant and its dishonest salesman made reliance on the salesman's apparent authority in tendering the deposit check reasonable *(see, Hallock v State of New York,* 64 NY2d 224; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 148, *supra; Wen Kroy Realty Co. v Public Natl. Bank & Trust Co.,* 260 NY 84, *supra).* Therefore, the defendant is fully bound by

the actions of its agent. Even though the salesman defrauded both the plaintiff and the defendant, this court has held that between two innocent parties, the party that allowed the perpetration of the fraud, here, the defendant, should bear the loss *(see, Hatton v Quad Realty Corp.,* 100 AD2d 609, 610). Further, we are not convinced by the defendant's arguments concerning the doctrine of "unclean hands". A cause of action for money had and received is an action at law and, therefore, the equitable doctrine of "clean hands" does not strictly apply *(see, Board of Educ. v Rettaliata,* 78 NY2d 128, *supra).* Moreover, we do not find any facts or circumstances which give rise to an inference of "unclean hands" on the part of the plaintiff.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.