■ MIGUEL MAYORGA et al., Appellants, v REED-PRENTICE PACKAGING MACHINERY COMPANY, Respondent, et al., Defendants. [656 NYS2d 652] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 28, 1996, which granted the motion of the defendant Reed-Prentice Packaging Machinery Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Miguel Mayorga (hereinafter Mayorga) was injured on February 23, 1991, when his hand was amputated by a plastic injection machine which allegedly malfunctioned

as he attempted to remove a piece of plastic from between the open dies of the machine. The plaintiffs thereafter commenced the instant personal injury action against Reed-Prentice Packaging Machinery Company (hereinafter Reed-Prentice), which manufactured the plastic injection machine in 1955, and Mayorga's employers, who owned and operated the machine. Reed-Prentice moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The court properly concluded that Reed-Prentice did not have a duty to design invincible, fail-safe, and accident-proof products that are incapable of wearing out. The remedy remains in having the machinery inspected periodically so that worn parts may be replaced (see, Auld v Sears, Roebuck & Co., 261 App Div 918, affd 288 NY 515; Beckhusen v Lawson Co., 9 AD2d 536, revd on other grounds 9 NY2d 726).

Furthermore, the plaintiffs' argument that Mayorga could have inadvertently tapped the electrical interlock switch without realizing his mistake is pure speculation, insufficient to defeat a motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). Moreover, during his deposition, Mayorga testified that he was 100 percent sure that no part of his body contacted the switch.

Finally, the plaintiffs' contention that the absence of warnings on the machine was a proximate cause of Mayorga's injury is without merit. During his deposition Mayorga testified that the malfunction which caused his injury had occurred on several prior occasions. "[I]nasmuch as a warning would not have given [the injured] plaintiff any better knowledge of the * * * [machine's malfunctions] than he had already acquired through his prior use of the machine * * * the absence of any warning could not have proximately caused [his] injuries" (Baptiste v Northfield Foundry & Mach. Co., 184 AD2d 841, 843-844; see also, Smith v Stark, 67 NY2d 693, 694; Van Buskirk v Migliorelli, 185 AD2d 587, 590).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.