PETER M. BOWERS, Individually and Doing Business as ONONDAGA MANAGEMENT COMPANY, Respondent, v MERCHANTS MUTUAL INSURANCE Co., Appellant, and HUGHES & RICHARDS, INC., et al., Respondents. JAMES RIVER PAPER COMPANY, INC., Third-Party Plaintiff, v THOMPSON & JOHNSON EQUIPMENT COMPANY, INC., Third-Party Defendant-Respondent. [670 NYS2d 274] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion for summary judgment against defendant Merchants Mutual Insurance Co. (Merchants). In plaintiff's action to enforce a policy of fire insurance allegedly issued by Merchants to cover com-

mercial property in Watertown, New York, Merchants raised the affirmative defense that a written binder completed by defendant David Richards, then an agent of Merchants, and dated July 11, 1995 had not been issued prior to destruction of the subject property by fire on July 18, 1995. The court improperly considered the binder as proof that plaintiff had fire insurance coverage on the date of the fire. Because Richards asserted his right against self-incrimination under the Fifth Amendment of the US Constitution when asked any questions concerning the binder, plaintiff submitted the testimony of an employee of Richards' agency, defendant Hughes & Richards, Inc., in an attempt to establish the admissibility of the binder as a business record under CPLR 4518 (a). That testimony was insufficient to establish that the binder had been produced in the regular course of business or that it had been created at or about the time of the alleged binding of the insurance on July 11, 1995 (*see*, CPLR 4518 [a]).

Further, the court erred in concluding that plaintiff established the existence of an oral binder with Merchants, based upon conversations and correspondence between plaintiff and Richards. The testimony of plaintiff established that Richards told him that the subject property was covered by insurance between March and July of 1995, but did not give him the name of a specific carrier. No oral binder may be established where the parties have no meeting of the minds concerning which insurance carrier is binding the property (*see, Miller Farms v Smith*, 24 AD2d 776, 777; *see also, Sargent v National Fire Ins. Co.*, 86 NY 626, 627).

We disagree that Merchants must extend coverage to plaintiff as of July 11, 1995 even if Richards issued the binder after the destruction of the subject property on July 18, 1995. Although "[a] principal must answer to an innocent party for the misconduct of its agent acting within the scope of its actual or apparent authority", there is no evidence that Merchants "allowed the perpetration of [a] fraud" on plaintiff merely by retaining Richards as its agent (*Standard Funding Corp. v Lewitt*, 225 AD2d 608, 610, *revd on other grounds* 89 NY2d 546). Further, " '[e]ssential to the creation of apparent authority are *words or conduct of the principal*, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction' " (*Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551, *supra*), and "[a] principal * * * is not liable for loss caused to another by reason of his reliance upon a deceitful representation of an agent unless the representation was authorized or apparently autho-

rized" (*Ernst Iron Works v Duralith Corp.*, 270 NY 165, 170). Plaintiff can prove no reasonable reliance upon the apparent authority of Richards to "back date" an insurance binder where plaintiff was unaware of the existence of the binder until after the destruction of the subject property.

Finally, we conclude that the court properly denied Merchants' cross motion for summary judgment. Merchants failed to establish as a matter of law that the written binder was in fact issued after the destruction of the subject property. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.