■ WILLIAM HANNA et al., Respondents, v FORD MOTOR COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. YONKERS GENERAL HOSPITAL, Third-Party Defendant-Respondent. [675 NYS2d 125] —In a negligence action to recover damages for personal injuries, etc., Ford Motor Company appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered December 17, 1997, as denied that branch of its motion which was for summary judgment dismissing all counterclaims and cross claims insofar as asserted against it for contribution, and Lockwood Lumber Sales Corp. separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the motion by Ford Motor Company which was to dismiss all counterclaims and cross claims insofar as asserted against it for contribution is granted, the motion by Lockwood Lumber Sales Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, all counterclaims and cross claims insofar as asserted against Ford Motor Company for contribution are dismissed, and the complaint and all cross claims are dismissed insofar as asserted against Lockwood Lumber Sales Corp.

On December 26, 1990, the plaintiff William Hanna drove a van owned by his employer, the third-party defendant Yonkers General Hospital, and manufactured by Ford Motor Company (hereinafter Ford) to a lumber yard owned by Lockwood

Lumber Sales Corp. (hereinafter Lockwood) to purchase materials. He left the van with the engine running because the battery had just been charged. Soon thereafter, the van started moving toward the security guard station and the sales office. In an attempt to stop the unmanned van, Hanna threw some pieces of lumber at the van's wheels. These acts caused the van to change direction and head for Hanna. Hanna tried to run away from the van, but he slipped and fell on some loose lumber allegedly lying on the ground, and was hit by the van. The parties' experts concurred that the van started to move because the gear selector mechanism was worn and improperly maintained and/or repaired, allowing the gear to slip from "Park" to "Reverse".

On June 6, 1996, the plaintiffs discontinued with prejudice their action against Ford. There is no evidence that consideration was received therefor, and the remaining parties, Lockwood and Yonkers General Hospital, did not sign the stipulation. The Supreme Court denied that branch of Ford's motion which was for summary judgment dismissing all counterclaims and cross claims insofar as asserted against it for contribution. We reverse.

Lockwood argues that the stipulation of discontinuance is invalid because it did not comply with CPLR 3217 which requires, *inter alia,* that a claim may be discontinued without an order by filing a stipulation "signed by the attorneys of record for all parties" (CPLR 3217 [a] [2]). We will consider this contention although it is raised for the first time on appeal since it concerns an issue of law apparent on the face of the record which could not have been avoided by the opposing parties if brought to their attention at the proper juncture (*see, Standard Funding Corp. v Lewitt,* 225 AD2d 608, 609, *revd on other grounds* 89 NY2d 546). Notwithstanding the failure of the stipulation to conform to CPLR 3217, it was intended to release Ford from the action and constitutes a release within the meaning of General Obligations Law § 15-108 (*see, Matter of O'Hara,* 85 AD2d 669, 671; *see also,* General Obligations Law § 15-303; *Moore v Johnson,* 147 AD2d 621, 622). In any event, the respondents have not submitted sufficient evidence of an alleged design defect in the van to oppose Ford's motion for summary judgment on the merits (*Mayorga v Reed-Prentice Packaging Mach. Co.,* 238 AD2d 483, 484). Accordingly, that branch of Ford's motion which was for summary judgment dismissing all counterclaims and cross claims insofar as asserted against it for contribution should have been granted.

The Supreme Court also erred in denying Lockwood's motion

for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiffs have failed to establish a prima facie case of negligence against Lockwood (*see, Lopez v Mackenzie Elec. Contrs.,* 203 AD2d 262, 263). No evidence was submitted demonstrating that Lockwood created the allegedly hazardous condition of loose lumber on the ground or had actual or constructive notice thereof (*see, Mercer v City of New York,* 223 AD2d 688, 690, *affd* 88 NY2d 955; *Gaeta v City of New York,* 213 AD2d 509, 510) and the circumstances of Hanna's accident are not within the class of foreseeable hazards that defines Lockwood's scope of duty (*see, Di Ponzio v Riordan,* 89 NY2d 578, 585). Under the circumstances of this case, the doctrine of "danger invites rescue" is unavailing (*see, Wagner v International Ry. Co.,* 232 NY 176, 180; *Rodriguez v New York State Thruway Auth.,* 82 AD2d 853, 854). Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.