■ LOUIS PATELLA et al., Appellants, v YONKERS CONTRACTING COMPANY, INC., et al., Appellants, CITY OF NEW YORK, Defendant, and HARRY VASS, Respondent. [692 NYS2d 151] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants Yonkers Contracting Company, Inc., and Weeks Marine, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered May 5, 1998, as granted the motion of the defendant Henry Vass, as administrator of the estate of George Vass, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the appeal by the defendants Yonkers Contracting Company, Inc., and Weeks Marine, Inc., is dismissed, as they are not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the plaintiffs.

George Vass, the decedent of the defendant Harry Vass, owned and operated a boat in which the injured plaintiff Louis Patella was a passenger. Patella sustained serious injuries when the boat hit a partially-submerged cable laid by the defendant construction contractors. Both Louis Patella and the other passenger in the boat at the time of the accident testified at their examinations before trial that George Vass was operating the boat safely, traveling at a reasonable speed, and maintaining a vigilant lookout. Moreover, it was undisputed that the cable was not visible because it was submerged and there were no signs posted to advise eastbound vessels that the channel was closed.

Testimony by the two eyewitnesses that the decedent George Vass had been prudent and vigilant in operating the vessel sufficiently established prima facie entitlement to summary judgment on behalf of Harry Vass, shifting the burden to the plaintiffs to demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY 320, 327). The plaintiffs' speculative arguments that questions of fact might exist as to whether the boat was traveling at an excessive rate of speed, or whether the operator failed to keep a lookout were insufficient to defeat the motion for summary judgment (*see, Mayorga v Reed-Prentice Packaging Mach. Co.*, 238 AD2d 483, 484; *Otonoga v City of New York*, 234 AD2d 592). Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.