■ SALOMON SABO, Appellant, v WILBERT EVANS et al., Respondents, et al., Defendants. [714 NYS2d 93] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated August 4, 1999, as granted the respective motions of the defendants Wilbert and Ionie Evans and Beneficial Homeowner Service Corporation for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1992 the defendants Wilbert and Ionie Evans granted Clara Sabo, now deceased, a mortgage on real property located in Brooklyn. The Evans defendants dealt exclusively with Clara Sabo's attorney, Joseph Greenblatt, who, for several years, assisted Sabo and her husband, the plaintiff Salomon Sabo, in finding and executing mortgage transactions. It is undisputed that all payments due under the subject mortgage were made by the Evans defendants, and that in 1994 they paid off the remaining balance which exceeded $50,000. Although Greenblatt received all payments as attorney for Clara Sabo, he never remitted the final payment to her. Greenblatt later pleaded guilty to various criminal charges arising from this and other similar conduct. Upon learning of the attorney's defalcation, the plaintiff commenced this action to foreclose the mortgage, asserting that it had not been satisfied. In the order appealed from, the Supreme Court granted the respective motions of Wilbert and Ionie Evans and Beneficial Homeowner Service Corporation (a subsequent mortgagee) for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

Contrary to the plaintiff's contention, the Evans defendants reasonably relied on the apparent authority of Greenblatt to

receive the final mortgage payment as agent for Clara Sabo (*see, Hallock v State of New York,* 64 NY2d 224; *Hutzler v Hertz Corp.,* 39 NY2d 209; *Rocks & Jeans v Lakeview Auto Sales & Serv.,* 184 AD2d 502). Thus, as between two innocent parties, it is the plaintiff who must bear the burden of the attorney's dishonesty (*see, Hutzler v Hertz Corp., supra; Rocks & Jeans v Lakeview Auto Sales & Serv., supra; Hatton v Quad Realty Corp.,* 100 AD2d 609).

The plaintiff's remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Florio, JJ., concur.