■ INES APARICIO et al., Respondents-Appellants, v ACME AMERICAN REPAIR, INC., et al., Appellants-Respondents, and TEACHERS INSURANCE AND ANNUITY ASSOCIATION, Respondent. (And Other Actions.) [823 NYS2d 364]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered April 14, 2006, which, inter alia, granted the motion of defendant Teachers Insurance and Annuity Association (Teachers) for summary judgment dismissing the complaint as against it, denied the motion of defendant Groen, Inc. for summary judgment dismissing the complaint as against it, and denied plaintiffs' cross motion to amend the complaint to include a demand for punitive damages, unanimously modified, on the law, to grant Groen's motion for summary judgment, and otherwise affirmed, without costs.

Plaintiffs, employees of defendant Wood Dining Services, a food services company under contract with Teachers to provide food services on Teachers' premises for the benefit of its employees and guests, were injured when a large tilting steam kettle, manufactured by Groen, tipped unexpectedly, spilling steaming water into the kitchen where plaintiffs were working. Defendant Acme was under a separate contract with Wood to service and maintain equipment in the kitchen, including the subject kettle. There is no dispute that the kettle tipped over because, contrary to directions contained on a metal plate on its side, it had not been lubricated for several years, causing ball bearings to rust and fail. It is also undisputed that the kettle was used for nine years without incident until the bearings wore out from lack of lubrication.

Teachers was properly granted summary judgment as the record establishes that the Wood/Teachers contract made maintenance of the kettle Wood's responsibility; that Teachers

exercised no supervisory control over the method and manner of Wood's maintenance of the kettle; and that any nondelegable duty Teachers may have owed Wood's employees to keep the premises safe (*cf. Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]) did not extend to the kettle (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Rusin v Jackson Hgts. Shopping Ctr.*, 27 NY2d 103, 107 [1970]). Moreover, there is no evidence that Teachers had notice of any problem with the kettle.

Groen's motion for summary judgment should have been granted as the record establishes that the kettle tipped because of lack of maintenance. To the extent that plaintiffs' expert suggests that the lack of a redundant safety feature, in the form of a pin that previous models had included and which has prevented tipping in the event of failure of the bearings, was a design defect, he presents no foundational support showing the frequency of tipping accidents with models using a pin as opposed to the newer design, industry standards, or test results (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991]; *Geddes v Crown Equip. Corp.*, 273 AD2d 904 [2000]). Indeed, the claim appears to be not that the kettle was not "reasonably safe in design" (*see Cover v Cohen*, 61 NY2d 261, 272 [1984]), but that it could have been made safer. However, Groen "did not have a duty to design invincible, fail-safe, and accident-proof products . . . incapable of wearing out" (*Mayorga v Reed-Prentice Packaging Mach. Co.*, 238 AD2d 483, 484 [1997]; *see also Campo v Scofield*, 301 NY 468, 472 [1950]). Nor did Groen have a duty to warn of the foreseeable catastrophic consequences of inadequate lubrication or other dangers associated with its product wearing out. "The remedy remains in having the machinery inspected periodically so that worn parts may be replaced" (*Mayorga* at 484).

As plaintiffs have no claim against Groen for compensatory damages, they can have no claim against it for punitive damages. In any event, even if the failure to provide the redundancy protection of a pin, as in older models, were actionable, we would find, as a matter of law, that such failure does not go "beyond mere negligence" (*McDougald v Garber*, 73 NY2d 246, 254 [1989]; *see also Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.