■ MARTA TERESHCHENKO, Respondent, v JERRY H. LYNN et al., Respondents, et al., Defendants, and CARLOS CARNEIRO, Appellant. [828 NYS2d 185]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Carlos Carneiro appeals from so much

of an order of the Supreme Court, Kings County (Rosenberg, J.), dated October 17, 2005, as denied his motion pursuant to CPLR 3217 (b) to discontinue the action insofar as asserted against him and granted that branch of the cross motion of the defendants Jerry H. Lynn and Toothsavers Dental Care, Inc., also known as Toothsavers Dental Center, which was for leave to amend their answer to assert cross claims for contribution and common-law indemnification against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion pursuant to CPLR 3217 (b) to discontinue the action insofar as asserted against the defendant Carlos Carneiro is granted, and that branch of the cross motion of the defendants Jerry H. Lynn and Toothsavers Dental Care, Inc., also known as Toothsavers Dental Center, which was for leave to amend their answer to assert cross claims for contribution and common-law indemnification against the defendant Carlos Carneiro is denied.

In this action the plaintiff seeks to recover damages, inter alia, for dental malpractice allegedly committed by the defendants. As relevant to the instant appeal, the plaintiff and the defendant Carlos Carneiro entered into a stipulation, dated March 14, 2005, wherein they agreed that this action would be discontinued "with prejudice" insofar as asserted against Carneiro only. As of the date of the stipulation, none of the remaining defendants had asserted any cross claims against Carneiro. By letter dated March 14, 2005 Carneiro requested that counsel for the remaining defendants also execute the stipulation of discontinuance. Thereafter, Carneiro moved pursuant to CPLR 3217 (b) to discontinue the action insofar as asserted against him. The defendants Jerry H. Lynn and Toothsavers Dental Care, Inc., also known as Toothsavers Dental Center (hereinafter Toothsavers), cross-moved, inter alia, for leave to amend their answer to assert cross claims for contribution and common-law indemnification against Carneiro. In an order dated October 17, 2005 the Supreme Court denied Carneiro's motion and granted that branch of the cross motion of Lynn and Toothsavers which was for leave to amend their answer to assert cross claims for contribution and common-law indemnification against Carneiro. We reverse the order insofar as appealed from.

Under the facts of this case, the subject stipulation of discontinuance constituted a release within the meaning of General Obligations Law § 15-108 (see General Obligations Law § 15-303; *Hanna v Ford Motor Co.*, 252 AD2d 478, 479 [1998]; *Killeen v Reinhardt*, 71 AD2d 851, 853 [1979]). The stipulation

was intended to release Carneiro from the action (*see Hanna v Ford Motor Co., supra*), and served to relieve him "from liability to any other person for *contribution* as provided in article fourteen of the civil practice law and rules" (General Obligations Law § 15-108 [b] [emphasis added]; *see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985]). However, any verdict in favor of the plaintiff and against the remaining defendants will be reduced in the amount of Carneiro's equitable share of the damages, if any (*see* General Obligations Law § 15-108 [a]; *Killean v Reinhardt, supra* at 853).

Moreover, Lynn and Toothsavers may not seek common-law indemnification against Carneiro. With regard to Lynn, Lynn's potential liability to the plaintiff, if any, would be as a joint tortfeasor. Thus, he could not obtain common-law indemnification from Carnerio (*see Barry v Hildreth*, 9 AD3d 341, 342 [2004]). With regard to Toothsavers, Toothsavers could not be held vicariously liable to the plaintiff for any negligence committed by Carneiro because Carneiro was not its employee, but rather was an independent contractor (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *cf. Monir v Khandakar*, 30 AD3d 487, 488 [2006]). Thus, the Supreme Court erred in denying Carneiro's motion and granting that branch of the cross motion of Lynn and Toothsavers which was for leave to amend their answer to assert cross claims for contribution and common-law indemnification against Carneiro. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.