■ GERALD BOEKE, Respondent, v OUR LADY OF POMPEI SCHOOL et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents, and MARTINEZ CLEANING COMPANY, Appellant. LAITH M. JAZRAWI et al., Third-Party Defendants-Respondents. [901 NYS2d 336]—

In an action to recover damages for personal injuries, the defendants Our Lady of Pompei School and Our Lady of Pompei Church appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 8, 2009, as denied those branches of their motion in limine which were to strike the plaintiff's expert witness disclosures and to preclude "any reference by any witness, physician or expert to any purported claim to recover for 'complex regional pain syndrome' and its causes and/or effects," denied their separate motion to strike the answer of the third-party defendants for failure to appear for examinations before trial, and granted the motion of the plaintiff and that branch of the cross motion of the third-party defendants which was to sever the third-party action, and the defendant Martinez Cleaning Company separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was to dismiss the cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (7).

Ordered that the appeal from so much of the order as denied those branches of the motion in limine of Our Lady of Pompei School and Our Lady of Pompei Church which were to strike the plaintiff's expert witness disclosures and to preclude "any reference by any witness, physician or expert to any purported claim to recover for 'complex regional pain syndrome' and its causes and/or effects" is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting the plaintiff's motion and that branch of the third-party defendants' cross motion which were to sever the third party action, and substituting therefor a provision denying the motion and that branch of the cross motion, and (2) by deleting the provision thereof denying those branches of the motion of the defendant Martinez Cleaning Company which were to dismiss the cross claims for contribution and contractual indemnification insofar as asserted against it pursuant to CPLR 3211 (a) (7), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as denied those branches of the motion of Our Lady of Pompei School and Our Lady of Pompei Church (hereinafter together OLP) which were to strike the plaintiff's expert witness disclosures and to preclude reference to any claim for complex regional pain syndrome must be dismissed because it concerns an evidentiary ruling which, even when "made in advance of trial on motion papers . . . is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; *see* CPLR 5701; *Barnes v Paulin*, 52 AD3d 754 [2008]; *Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]).

The Supreme Court improvidently exercised its discretion in severing the third-party action from the main action. Although OLP may have delayed in commencing the third-party action, "since the actions involve common factual and legal issues a single trial is appropriate in the interest of judicial economy and to avoid the possibility of inconsistent jury verdicts" (*Villatoro v Talt*, 269 AD2d 390, 391 [2000]; *see Dolce v Jones*, 145 AD2d 594 [1988]; *Pescatore v American Export Lines*, 131 AD2d 739 [1987]).

Contrary to OLP's contention, the extreme sanction of striking the answer of the third-party defendants was not warranted because it does not appear that the third-party defendants willfully and contumaciously failed to appear for the examinations before trial (*see Cestaro v Chin*, 20 AD3d 500 [2005]; CPLR 3126 [3]).

The Supreme Court erred in denying those branches of the motion of the defendant Martinez Cleaning Company (hereinafter Martinez) which were to dismiss the cross claims for contribution and contractual indemnification insofar as asserted against it pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [e]). On June 4, 2009, Martinez settled with the plaintiff for the sum

of $400,000, and on June 10, 2009, Martinez filed with the Supreme Court a stipulation of discontinuance wherein the plaintiff and Martinez agreed that this action would be discontinued "with prejudice" insofar as asserted against Martinez. This stipulation constituted a release within the meaning of General Obligations Law § 15-108 since it was intended to release Martinez from the action and served to relieve it "from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules" (General Obligations Law § 15-108 [b]; *see Tereshchenko v Lynn*, 36 AD3d 684, 685-686 [2007]). Accordingly, OLP may not recover on the cross claim for contribution. Additionally, OLP did not oppose that branch of the motion which was to dismiss the cross claim for contribution (*see* General Obligations Law § 15-108 [b]; *Tereshchenko v Lynn*, 36 AD3d 684 [2007]), nor did it controvert the contention that a service contract between OLP and Martinez did not contain any provision for indemnification. However, we note that, pursuant to General Obligations Law § 15-108 (a), when a plaintiff settles an action with one defendant, the recovery against the remaining defendants shall be reduced by the amount of the settlement or by the settling tortfeasor's equitable share of the damages, whichever is greater (*see Maione v Pindyck*, 32 AD3d 827 [2006]; *Gerdik v Van Ess*, 5 AD3d 726 [2004]).

The appellants' remaining contentions are without merit. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur. **[Prior Case History: 24 Misc 3d 1246(A), 2009 NY Slip Op 51892(U).]**