Northern Leasing Systems, Inc., a/a/o MBF Leasing, LLC, Plaintiff-Appellant,
against
Gary Kollars and LHC Car Wash, LLC, d/b/a Car Toys Car Wash, Defendants-Cross-Appellants.



Plaintiff, as limited by its briefs, appeals from those portions of a judgment of the Civil Court of the City of New York, New York County (Michael L. Katz, J.), entered December 30, 2015, after a jury trial, which dismissed the complaint and awarded defendants damages, as reduced by stipulation, in the principal sum of $150,000 on the fraudulent inducement counterclaim and $50,000 on the Fair Credit Reporting Act [FCRA] (15 USC § 1681) counterclaim. Defendants, as limited by their briefs, cross-appeal from those portions of the aforesaid judgment which, upon post trial motion, dismissed the counterclaim alleging a violation of General Business Law § 380-b(b), and reduced as per stipulation the amounts awarded on the fraudulent inducement and FCRA counterclaims.




Per Curiam.
Judgment (Michael L. Katz, J.), entered December 30, 2015, affirmed, with $25 costs.
Viewing the evidence in the light most favorable to the defendants, the prevailing parties at trial (see Matter of Kornblum Metals Co. v Intsel Corp., 38 NY2d 376, 379 [1979]), we find that a fair interpretation of the evidence supports the jury's finding that (nonparty) Gerald Wynne acted as plaintiff's agent when he fraudulently induced defendants to sign the Merchant Processing Agreement (see Shurter v Bailey, 263 App Div 1025 [1942]). Although Wynne was ostensibly acting on behalf of "Merchant Services," a claimed "independent sales office," when he approached defendants and marketed credit card point of sale equipment, the jury could infer from the evidence that plaintiff structured the entire transaction for its benefit and was the primary beneficiary thereof. In addition, the evidence showed that defendant prepares equipment leases and gives them to Wynne/Merchant Services, accepts thousands of signed equipment leases per year from Wynne/Merchant Services, and paid Wynne/Merchant Services an enormous commission for the underlying transaction. Based upon the evidence, a rational jury could infer that plaintiff "impliedly consented to [Wynne/Merchan Service's] agency for this purpose" [*2](Hatton v Quad Realty Corp., 100 AD2d 609, 610 [1984], lv denied 63 NY2d 608 [1984]; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 493 n 4 [2008]). 
Although the amended answer did not deny the genuineness of defendant Kollars' signature on the underlying equipment lease (see CCA 1102[b]), plaintiff's counsel stated at the outset of trial that plaintiff was "amenable to the evidence on that point." We therefore reject plaintiff's present argument that the trial court erred in receiving evidence on this issue. The jury's ultimate finding that Kollars' did not sign the equipment lease and that his signature on it was forged is supported by a fair interpretation of the evidence and is not disturbed, particularly as the determination was based in large part on a determination of the credibility of the witnesses. 
In addition, in view of the jury's fully supported findings of fraud and forgery, we have no basis to disturb the further finding that plaintiff obtained defendant Kollars' consumer credit report without authorization or a permissible purpose in violation of the Fair Credit Reporting Act (see 15 USC § 1681b).
Turning to the cross appeal, we sustain the court's dismissal of the counterclaim alleging a violation of General Business Law § 380-b(b), although we do so on the ground that the claimed notice violation was not specifically asserted in the counterclaim.
Inasmuch as defendants stipulated to a reduction of damages on their fraudulent inducement and FCRA counterclaims, they are not aggrieved by that modification and cannot appeal from it (see Adams v Genie Indus., Inc., 14 NY3d 535, 540-541 [2010]; Raji v Bank Sepah-Iran, 74 NY2d 916 [1989]; Smith v Hooker Chem. & Plastics Corp., 69 NY2d 1029 [1987]). Defendant has also submitted a reply brief withdrawing the cross appeal to the extent it challenges the amount awarded on these two counterclaims. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 06, 2017