Mario Pittoni, J.
This is an action to enjoin the defendants from trespassing on the plaintiffs’ property in Baldwin, New York.
The first cause of action is by plaintiffs Shapiro and Bitter-man whose properties adjoin that of the defendants. They claim that the defendants have trespassed on their property since April, 1960. There was no proof that the defendants trespassed on the Bitterman property; therefore, as to the plaintiffs Bitter-man, the complaint is dismissed. However, plaintiffs Shapiro claim and offered proof to show that the defendants and the defendants’ agents drove from the defendants’ property upon that of the Shapiros to the cul-de-sac on Adams Street.
The defendants counterclaim for a declaration that they have an easement for ingress and egress over and through Shapiros’ land from the southeast of the cul-de-sac.
The second cause of action is by all the owners of property fronting on Adams Street, which is a dead-end street with a cul-de-sac. They claim they purchased their property relying upon Adams Street being a dead-end street, that they wish to improve the land which is now being trespassed on, but that the defendants threaten to continue trespassing and destroying the *504 improvements. No proof was submitted to sustain this second cause of action, and it is therefore dismissed.
The ease now boils down to this: The defendants contend that on March 29,1958 they conveyed a 100-foot-long wedge of property to the Shapiros on an oral agreement that the defendants were to have ingress and egress over that wedge, and also over part of Shapiros ’ land immediately to the southeast of the curb cut on the southeast portion of the cul-de-sac, which leads to the defendants’ land and is marked on the concrete driveway “ Private Road ”. The Shapiros admit that they received the wedge in return for no money consideration, but claim that there was no agreement permitting the defendants passage over any Shapiro property.
The testimony of the defendants is more plausible and acceptable. It is difficult to believe that the defendants conveyed 500 square feet of land to a neighbor of two months standing without any monetary consideration or without any other consideration. This is particularly unbelievable since the defendants were using this route for ingress and egress from June, 1946, when the defendants bought the property and at a time when it had no improvement, and also later, from 1957 when curb cuts and streets were put in. This passage continued at all times until the present suit, without interference or objection by the Shapiros. Furthermore, while the Shapiros improved the property which they had received from the defendants on March 29, 1958, the defendants had prior thereto, in February, 1958, put up a 700-feet-long fence around their property, together with a pair of 8-feet swinging gates at the entrance to the now contested driveway.
It is clear that the only plausible and acceptable explanation for the actions of the defendants and the Shapiros is that there was an oral promise by the Shapiros to give the defendants an easement over their property in return for the 500 square feet of property. The transaction was in effect a conveyance of the wedge shaped property by the defendants in exchange for an easement of egress and ingress from the Shapiros. Such consideration, plus user, was sufficient to make an oral agreement for an easement specifically enforcible. (81 C. J. S., Specific Performance, § 61, p. 555.) Furthermore, there was sufficient part performance to take the grant of the oral easement out of the Statute of Frauds (Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 279). In the Gracie case the court said: 1 ‘ The rule as to what manner of part performance will justify enforcement by a court of equity of a contract involving an interest in realty, although there is no writing as required by *505 the Statute of Frauds, is stated as follows in Burns v. McCormick (233 N. Y. 230, 232, Cardozo, J.): ‘ There must be performance “unequivocally referable” to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. ‘ ‘ An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance ’ ’ (Woolley v. Stewart, 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done.’ ”
This case comes within the guide lines of the Gracie case. It is incredible that the Fams would deed 500 square feet of land to the Shapiros without consideration. There was no monetary consideration; so the only other possible consideration was the oral easement. After the agreement, the Shapiros cultivated, improved and used the 500-foot square wedge which the defendants had deeded to them, and the defendants continued to use the driveway for almost 26 months more without protest.
Therefore, the first cause of action is also dismissed, and the judgment demanded in the defendants ’ first counterclaim for the declaration of an easement over the driveway portion of the Shapiro property is granted.
The other defenses interposed by the defendants are insufficient. The third defense of a prescriptive right fails because there was no proof of adverse user for the statutory period (Klin Co. v. New York R. T. Corp., 271 N. Y. 376; Civ. Prac. Act, § 34). The second defense, that the Department of Public Works of Nassau County has connected a sewer up to the lands of the defendants “ under the property in question”; and the fourth defense, that the plans for the cul-de-sac were not approved by the Nassau County Planning Commission are irrelevant.
This is the decision of the court, pursuant to section 440 of the Civil Practice Act. Settle judgment on notice.