■ CHARLES ELZER, III, Respondent, v NASSAU COUNTY, Appellant, et al., Defendants. — In a personal injury action, defendant County of Nassau appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated December 14, 1984, as denied its cross motion for summary judgment dismissing the complaint, insofar as it is asserted against it.

Order affirmed, insofar as appealed from, with costs.

The complaint alleges, *inter alia,* that plaintiff sustained injuries in an automobile accident caused, *inter alia,* by defendant County of Nassau's negligent design, construction and maintenance of Ring Road and its failure to remove a hazard (a concrete lamppost base) adjoining the roadbed, which created a dangerous condition. Defendant County of Nassau cross-moved for summary judgment dismissing the complaint as against it on the ground it did not own or maintain the situs of the accident. According to an affidavit by the Deputy Commissioner of Public Works, Ring Road is privately owned.

In opposition to the cross motion, plaintiff's attorney submitted an affirmation and attached a letter from a representative of the Chicago Title Insurance Company and a photocopy of the index card maintained by the Nassau County Department of Assessment, which both state that the lot where the accident occurred is owned by the defendant county. In a reply affirmation, the county's attorney conceded its ownership of the lot but alleged that Ring Road, which crosses over the lot, is a private road created by an easement which the county granted to a private corporation. Special Term denied the cross motion for summary judgment.

The county contends that Special Term erred in denying its cross motion for summary judgment because the affirmation of plaintiff's counsel, who lacked personal knowledge of the facts, was without evidentiary value to defeat its entitlement to summary judgment. We disagree. The affirmation of plaintiff's attorney served as a vehicle for the submission of acceptable attachments which provided evidentiary proof in admissible

form sufficient to create a triable issue of fact (*see, Dorkin v American Express Co.,* 43 AD2d 877; *cf. Zuckerman v City of New York,* 49 NY2d 557).

In any case, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law * * * [and] [f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). We are cognizant of the rule that an owner of the servient estate has no duty to maintain or repair a right-of-way easement as long as the grant creating such an easement is silent as to any obligation of maintenance or repair on the part of such servient tenant (*Brill v Brill,* 108 NY 511; 2 Warren's Weed, NY Real Property, Easements § 21.04, at 84). Nevertheless, the defendant county did not proffer any evidence of the grant of an easement or proof that said grant did not contain an agreement regarding repairs and maintenance. Additionally, the complaint alleged that a proximate cause of plaintiff's injuries was a dangerous condition existing on property adjacent to the roadbed. It is unclear from this record whether or not the dangerous condition is located within the boundaries of the easement or on the lot concededly owned by the county. Where there is any significant doubt as to the existence of a material, triable issue of fact, as in this case, summary judgment should be denied (*Phillips v Kantor & Co.,* 31 NY2d 307, 311; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12). Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.