■ DAVID KROSKY et al., Respondents, v JAMES HATGIPE-TROS, Appellant.—In an action, *inter alia,* to recover damages for trespass and nuisance, the defendant appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered April 13, 1988, as denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted and the complaint is dismissed.

In January 1986 the defendant moved into residential premises which share a common driveway with residential premises owned by the plaintiffs. The deeds to both parcels of property contained reciprocal easements for rights-of-way over the four-foot strip of the driveway which belonged to the adjacent landowner "for the purpose of ingress and egress for pleasure automobiles to and from a garage built or intended to be built in the rear of the premises". In December 1987 the defendant's attorney sent a letter to the plaintiff Antoinette Krosky, threatening legal action if she did not stop parking her car in the driveway, thereby blocking the passage of the defendant's automobile. In or about February 1988 the plaintiffs commenced the instant action against the defendant. In their complaint, the plaintiffs submitted that by simultane-

ously parking all three of his automobiles in the rear of his premises, the defendant had used the plaintiffs' portion of the driveway in an unreasonable manner and for activities not specified in the easement. By reason of the latter, the complaint requested that the defendant be permanently enjoined from using the plaintiffs' portion of the driveway for any purpose other than ingress and egress of one car to and from his garage. The complaint also maintained that the parking of all three of the defendant's automobiles on his premises constituted both a trespass and a nuisance. In his counterclaim, the defendant asserted that by parking her automobile in the middle of the driveway in such a manner that it obstructed the passage of his automobiles to the rear parking area, the plaintiff Antoinette Krosky had wrongfully and intentionally interfered with his use and enjoyment of the easement. Accordingly, he sought to enjoin that conduct. The Supreme Court denied the defendant's cross motion for summary judgment dismissing the complaint. The court erred in doing so. In regard to the plaintiffs' first cause of action, it has been held that if a deed is unambiguous, it is error to submit the issue to the jury (see, Hurd v Lis, 92 AD2d 653). The terms of the subject easement provide unambiguously for the defendant's right to use the driveway for the simultaneous ingress and egress of more than one pleasure vehicle to and from the parking area in the rear of the premises.

Furthermore, no triable issue of fact was raised with regard to whether the defendant's action had overburdened the easement. We conclude as a matter of law that by using the driveway as the means of ingress and egress to the rear parking area in which he simultaneously parked all three of his automobiles on the premises, the defendant was merely putting the easement to a reasonable use (see, Missionary Socy. v Evrotas, 256 NY 86).

The causes of action sounding in trespass and nuisance were not properly stated. An action for trespass over the lands of one property owner may not be maintained where the purported trespasser has acquired an easement of way over the land in question (see, Shapiro v Fam, 26 Misc 2d 502). Finally, in view of the circumstances and location of the easement (see, McCarty v Natural Carbonic Gas Co., 189 NY 40), the parking of three cars on a residential premises cannot as a matter of law be said to constitute a nuisance. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.