■ MENDEL RAKSIN, Also Known as MENDEL RASKIN, Appellant, v CROWN-KINGSTON REALTY ASSOCIATES et al., Respondents. [680 NYS2d 265] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated May 30, 1997, which granted the defendants' motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court dated January 23, 1998, as upon, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 30, 1997, is dismissed, as that order was superseded by the order dated January 23, 1998, made on reargument; and it is further,

Ordered that the order dated January 23, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff allegedly fell on snow and ice while walking through an alleyway. The alleyway was owned by the defendant Crown-Kingston Realty Associates (hereinafter CKRA)

and managed by the defendant Vicker's Management. The alleyway was subject to an easement benefiting property owners, including the plaintiff, who resided in homes along the alleyway. The defendants moved for summary judgment dismissing the complaint on the ground that as owner and manager, respectively, of the servient estate they did not have a duty to clear the snow and ice from the alleyway.

The owners of the dominant estates in the easement are responsible for maintaining and repairing the easement. A servient owner is under no obligation to construct means for the enjoyment of the easement, and is not under any duty to make any repairs to the easement, absent an agreement to the contrary (*see, Elzer v Nassau County,* 111 AD2d 212; *Cesario v Chiapparine,* 21 AD2d 272; *Greenfarb v R.S.K. Realty Corp.,* 256 NY 130). When an easement is created for the benefit of multiple dominant tenements, all owners are mutually burdened with the construction, maintenance, and repairs of the subject property (*see, People v Wittman,* 205 Misc 1046).

Thus, CKRA, as the owner of the servient estate, owed no duty to the plaintiff or other dominant owners, and there are no questions of fact warranting a trial as to either defendant. The plaintiff's remaining contentions are unpreserved for appellate review, or without merit. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.