(July 12, 1999)

■ DOREEN BOONE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [692 NYS2d 731] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), entered March 4, 1998, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs and the motion is denied.

The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). It is well settled that the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The failure to make such a prima facie showing requires the denial of the motion regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Elzer v Nassau County,* 111 AD2d 212). Contrary to the defendants' contention, the admissible evidence presented in the moving papers was insufficient to establish, as a matter of law, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.