JOHN MANGUSI et al., Respondents, v TOWN OF MOUNT PLEASANT, Appellant. [799 NYS2d 67]—

In an action, inter alia, to recover damages and obtain injunctive relief for negligence, trespass, and private nuisance, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 21, 2004, which granted the plaintiffs' motion for partial summary judgment declaring that the defendant owns and has a duty to repair an easement, and denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was for partial summary judgment determining that the defendant has a duty to repair the easement and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying the cross motion for summary

judgment dismissing the complaint and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs, and the complaint is dismissed.

The defendant established, prima facie, that it was entitled to summary judgment dismissing the plaintiffs' cause of action alleging trespass. An action for trespass may not be maintained where the alleged trespasser has an easement over the land in question (*see Kaplan v Incorporated Vil. of Lynbrook,* 12 AD3d 410 [2004]; *Krosky v Hatgipetros,* 150 AD2d 344, 345 [1989]). In the instant case, the defendant demonstrated that it possessed a 15-foot wide drainage easement over the plaintiffs' property, and that the defendant did not exceed the scope of that easement. The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The defendant further established, prima facie, that it was entitled to summary judgment dismissing the plaintiffs' cause of action alleging private nuisance. "The elements of such a private nuisance are: (1) an interference substantial in nature; (2) intentional in origin; (3) unreasonable in character; (4) with a person's right to use and enjoy land; (5) caused by another's conduct" (*Weinberg v Lombardi,* 217 AD2d 579 [1995], citing *Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 570 [1977]). In the instant case, the defendant demonstrated that the brook in question did not exceed the boundary of the 15-foot drainage easement, and therefore the defendant did not substantially interfere with the plaintiffs' property. The defendant further demonstrated that any overflow of the brook was caused by natural phenomena, rather than its own conduct. The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York, supra*).

The defendant further demonstrated, prima facie, that it had no duty to dredge the brook for the plaintiffs' benefit. "[A] municipal corporation is not liable for failure to restrain waters between banks of a stream or to keep a channel free from obstructions it did not cause" (*Office Park Corp. v County of Onondaga,* 64 AD2d 252, 258 [1978]). Absent any special duty owed to the private landowners, a municipal corporation cannot be held liable for failing to provide adequate flood protection (*id.*).

Although the defendant has a duty to maintain its easement in the instant case (*see Hoeffner v John F. Frank, Inc.,* 302 AD2d 428, 430 [2003]; *Raksin v Crown-Kingston Realty Assoc.,* 254 AD2d 472, 473 [1998]), it has no duty to improve the plaintiffs' property. The defendant submitted the affidavit of an engineer, who testified that the work the plaintiffs requested would bene-

fit only the plaintiffs, and was not necessary for drainage—the very purpose of the easement. The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York, supra*). Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.