■ MARIE MUDGETT et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent, et al., Defendant. [915 NYS2d 649]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated October 14, 2009, as granted that branch of the motion of the defendant Long Island Rail Road which was for leave to reargue that defendant's opposition to that branch of their motion which was for summary judgment on the complaint insofar as asserted against that defendant, which had been granted in an order of the same court dated June 24, 2009, and, upon reargument, vacated the determination in the order dated June 24, 2009, granting that branch of their motion, and thereupon denied that branch of their motion.

Ordered that the order dated October 14, 2009, is affirmed insofar as appealed from, with costs.

" 'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision' " (*Barnett v Smith*, 64 AD3d 669, 670-671 [2009], quoting *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *see* CPLR 2221 [d]).

The defendant Long Island Rail Road (hereinafter the LIRR) demonstrated in its motion papers that the Supreme Court, in determining the plaintiffs' motion for summary judgment, overlooked certain facts pertaining to the issue of the LIRR's notice of the alleged dangerous condition. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the LIRR's motion which was for leave to reargue.

Upon reargument, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the LIRR. "An owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that the owner either created or had actual or construc-

tive notice of the condition" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 474-475 [2004]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Battaglia v Toys "R" Us*, 271 AD2d 627, 629 [2000]). To permit a finding of constructive notice, "a condition must be visible and apparent, and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it" (*Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695, 695 [2005]; *see Gordon v American Museum of Natural History*, 67 NY2d at 837; *Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376 [2003]).

Here, on their motion for summary judgment, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law. No proof was submitted that the LIRR either created or had actual notice of the water-filled pothole upon which the plaintiff Marie Mudgett allegedly tripped and fell. Although the plaintiffs submitted photographs of the pothole taken shortly after the accident and an expert affidavit from a certified safety professional, that evidence failed to demonstrate how long the water-filled pothole had existed. Thus, the plaintiffs failed to establish, prima facie, that the LIRR had constructive notice of the alleged dangerous condition. The plaintiffs' failure to make a prima facie showing of entitlement to judgment as a matter of law against the LIRR on the issue of liability required denial of that branch of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Elzer v Nassau County*, 111 AD2d 212 [1985]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.