■ Virginia M. Grimm, Respondent, v Carol A. Bailey, Appellant. [963 NYS2d 277]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated February 15, 2012, which granted the plaintiff's motion for leave to reargue her motion for summary judgment on the issue of liability, and, upon reargument, vacated a prior order of the same court dated December 12, 2011, denying the motion, and thereupon granted the motion.

Ordered that the order dated February 15, 2012, is affirmed, with costs.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; *see Matter of American Alternative Ins. Corp. v Pelszynski*, 85 AD3d 1157, 1158 [2011]). "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (*Mudgett v Long Is. R.R.*, 81 AD3d 614, 614 [2011] [internal quotation marks omitted]; *see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]). Here, the Supreme Court providently exercised its discretion in granting reargument since the plaintiff demonstrated that the Supreme Court mistakenly arrived at its earlier determination denying the plaintiff's motion for summary judgment on the issue of liability (*see Mudgett v Long Is. R.R.*, 81 AD3d at 614).

Upon reargument, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Byrne v Calogero*, 96 AD3d 704, 705 [2012]). Under the circumstances of this case, in opposition to the plaintiff's prima facie showing of her entitlement to judgment as a matter of law on the issue of liability, the defendant's explanation that she applied her brakes but that her vehicle was unable to stop because of icy road conditions was insufficient to rebut the inference of negligence caused by the rear-end collision (*see Plummer v Nourddine*, 82 AD3d 1069, 1070 [2011]; *Faul v Reilly*, 29 AD3d 626 [2006]; *Kosinski v Sayers*, 294 AD2d 407, 408 [2002]; *Sabbagh v Shalom*, 289 AD2d 469 [2001]; *Garcia v Hazel*, 287 AD2d 481, 482 [2001]; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *Guinan v Suhak Lee*, 279 AD2d 507 [2001]; *Hurley v Cavitolo*, 239 AD2d 559 [1997]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.