■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v JASPER CIPOLLA, Appellant, et al., Proposed Respondents. [990 NYS2d 569]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Jasper Cipolla appeals from an order of the Supreme Court, Queens County (Rios, J.), dated December 5, 2012, which granted the petitioner's motion for leave to reargue the petition, which had been denied in an order of the same court dated July 18, 2012, and, upon reargument, in effect, vacated the prior order denying the petition, and, thereupon, granted the petition.

Ordered that the order dated December 5, 2012, is affirmed, with costs.

The appellant was injured in a motor vehicle accident. The appellant was insured under a policy issued by the petitioner, Progressive Northeastern Insurance Company (hereinafter Progressive). The policy contained a Supplementary Uninsured/Underinsured Motorists (hereinafter SUM) Endorsement. Under condition 10 of that endorsement, the appellant was required to give notice of any settlement to Progressive so that Progressive could "advance such settlement amounts to the

insured in return for the cooperation of the insured" in a subrogation action. The appellant was not otherwise permitted to settle his claim against the tortfeasor "such that [Progressive's] rights would be impaired" (*see* 11 NYCRR 60-2.3 [f]; *Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d 648, 659 [2009]). The appellant does not dispute that, without the consent of Progressive, he settled his claim against a tortfeasor for the full amount of the tortfeasor's policy, and he did not give Progressive timely notice of the settlement. After settling the action, the appellant made a claim for SUM benefits under the policy. Progressive denied the claim based on his unauthorized settlement. Progressive then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the appellant's SUM claim. After initially denying the petition, the Supreme Court granted Progressive's motion for leave to reargue and, upon reargument, granted the petition.

The Supreme Court providently exercised its discretion in granting reargument because, as it recognized, it had misapprehended a matter of law in its initial determination of the petition (*see* CPLR 2221 [d] [2]; *Grimm v Bailey*, 105 AD3d 703, 704 [2013]).

The appellant contends that his unauthorized settlement did not impair Progressive's subrogation rights because he has not provided a release to the tortfeasor. He does not dispute, however, that he discontinued his action against the tortfeasor without Progressive's consent and that, under the terms of the settlement, the discontinuance was to be "with prejudice." He also does not dispute that he is required to provide the tortfeasor with a release. Under these circumstances, the appellant failed to demonstrate that he did not impair Progressive's subrogation rights (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 381-382 [1984]; *State Farm Mut. Auto. Ins. Co. v Taglianetti*, 122 AD2d 40, 40-41 [1986]; *cf. Matter of Travelers Home & Mar. Ins. Co. v Kanner*, 103 AD3d 736, 738 [2013]; *Hanna v Ford Motor Co.*, 252 AD2d 478, 479 [1998]).

The appellant's remaining contention is without merit (*see Matter of Ducz v Progressive Northeastern Ins. Co.*, 113 AD3d 849, 850 [2014]).

Accordingly, the Supreme Court correctly granted the petitioner's motion for leave to reargue the petition, and, upon reargument, in effect, vacated the prior order denying the petition, and, thereupon, granted the petition. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.