■ ALESSANDRA DETONI, Appellant-Respondent, v JACQUELINE MCMINKENS et al., Respondents-Appellants. [48 NYS3d 208]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Queens County (Lane, J.), dated September 18, 2014, and the defendants cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted that branch of the plaintiff's motion which was for leave to reargue her opposition to their motion for summary judgment dismissing the complaint and, upon reargument, vacated a prior order of the same court dated March 5, 2014, granting their motion for summary judgment and, thereupon, denied their motion for summary judgment.

Ordered that the appeal by the plaintiff is dismissed, as the plaintiff is not aggrieved by the portions of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order dated September 18, 2014, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On November 19, 2005, the plaintiff allegedly sustained serious injuries as a result of a motor vehicle accident in Queens. She allegedly retained the defendants on December 15, 2005, to represent her in a personal injury action against the owner and operator of the motor vehicle that struck her vehicle, but the defendants failed to commence an action before the expiration of the statute of limitations. The plaintiff commenced this action, inter alia, to recover damages for legal malpractice.

The defendants moved for summary judgment dismissing

the complaint on the ground that, even if they were negligent in failing to timely commence the underlying personal injury action, the plaintiff would not have prevailed because she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In an order dated March 5, 2014, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

Thereafter, the plaintiff moved for leave to reargue or renew her opposition to the defendants' motion, arguing, among other things, that the Supreme Court overlooked or misapprehended the facts or law in mistakenly determining that the defendants established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d). In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue. Upon reargument, the court vacated its prior order dated March 5, 2014, and thereupon, denied the defendants' motion for summary judgment dismissing the complaint.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (*Mudgett v Long Is. R.R.*, 81 AD3d 614, 614 [2011] [internal quotation marks omitted]; *see Grimm v Bailey*, 105 AD3d 703, 704 [2013]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue, since the plaintiff demonstrated that the Supreme Court mistakenly arrived at its earlier determination granting the defendants' motion for summary judgment dismissing the complaint (*see Mudgett v Long Is. R.R.*, 81 AD3d at 614).

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 910, 911-912 [2012]). "To establish causation, a plaintiff must show that he or she would have prevailed

in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Barbieri v Fishoff*, 98 AD3d 703 [2012]). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012] [internal quotation marks omitted]).

Upon reargument, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Cross v Labombard*, 127 AD3d 1355, 1357 [2015]; *Poole v State of New York*, 121 AD3d 1224, 1225 [2014]). Among other things, the defendants submitted the plaintiff's deposition testimony that, after the accident, she was confined to bed for two months and she was out of work for approximately 10 months (*compare Lanzarone v Goldman*, 80 AD3d 667, 669 [2011], *with Bacon v Bostany*, 104 AD3d 625, 628 [2013]). Thus, the defendants failed to establish, prima facie, that, even if they were negligent in failing to timely commence the underlying personal injury action, the plaintiff would not have prevailed on the underlying cause of action. Since the defendants failed to meet their prima burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.