■ ILAN WEISS, Respondent, v BRETTON WOODS CONDOMINIUM II et al., Appellants. [58 NYS3d 61]—

In an action, inter alia, for a judgment declaring a lien on the plaintiff's condominium unit for unpaid common charges null and void, the defendants appeal, as limited by a letter dated April 17, 2017, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered October 6, 2014, as granted that branch of the plaintiff's motion which was, in effect, for leave to reargue that branch of his prior motion which was for summary judgment on the cause of action for a declaration that the plaintiff is not liable for the defendants' attorneys' fees, which had been denied in an order of the same court entered December 6, 2013, and, upon reargument, in effect, vacated that portion of the order entered December 6, 2013, and thereupon, granted that branch of the prior motion.

Ordered that the order entered October 6, 2014, is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not liable for the defendants' attorneys' fees.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (*Mudgett v Long Is. R.R.*, 81 AD3d 614, 614 [2011] [internal quotation marks omitted]; *see Detoni v McMinkens*, 147 AD3d 1018, 1019 [2017]; *Grimm v Bailey*, 105 AD3d 703, 704 [2013]). Here, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was, in effect, for leave to reargue that branch of his prior motion which was for

summary judgment on his fifth cause of action. In support of his motion for leave to reargue, the plaintiff demonstrated that the court had mistakenly overlooked a matter of law in arriving at its earlier determination (see *Mudgett v Long Is. R.R.*, 81 AD3d at 614).

Moreover, upon reargument, the Supreme Court properly granted that branch of the plaintiff's prior motion which was for summary judgment on the fifth cause of action declaring that the plaintiff is not liable for the defendants' attorneys' fees. The bylaws of the defendant condominium and its declaration of covenants, restrictions, easements, and liens govern the relationship between the plaintiff, as a unit owner, and the condominium (see *Board of Mgrs. of Vil. View Condominium v Forman*, 78 AD3d 627, 629-630 [2010]). Those documents are contracts and, thus, are governed by the principles of contract interpretation (see *Matter of Olszewski v Cannon Point Assn., Inc.*, 148 AD3d 1306, 1308 [2017]). They provide, clearly and unequivocally, that "in the event a judgment is obtained, such judgment shall include interest on the assessment as above provided and reasonable attorneys' fees to be fixed by the court together with the cost of the action." Here, since the defendants obtained no judgment against the plaintiff, they are not entitled to attorneys' fees. On reargument, the defendants failed to demonstrate the existence of a triable issue of fact (see *NYCTL 1998-1 Trust v Cooper Third Assoc.*, 43 AD3d 395, 397 [2007]; cf. *Knizeski v Settembres Limousine, Inc.*, 54 AD3d 1005, 1006 [2008]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not liable for the defendants' attorneys' fees (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.