Castillo v Motor Veh. Acc. Indem. Corp. (2018 NY Slip Op 03502)





Castillo v Motor Veh. Acc. Indem. Corp.


2018 NY Slip Op 03502


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-12512
 (Index No. 1059/14)

[*1]Clemente Castillo, appellant, 
v
Motor Vehicle Accident Indemnification Corporation, respondent.


Decolator, Cohen & DiPrisco, LLP, Garden City, NY (John Decolator of counsel), for appellant.
Kornfeld, Rew, Newman & Simeone, Suffern, NY (William S. Badura of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218(c) for leave to commence an action against the Motor Vehicle Law Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated October 8, 2015. The order, insofar as appealed from, granted the motion of the Motor Vehicle Accident Indemnification Corporation, in effect, for leave to reargue, and, upon reargument, directed a framed-issue hearing on the issue of whether the subject incident was the result of an "accident" or of "intentional" conduct.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as directed a framed-issue hearing on the issue of whether the subject incident was the result of an "accident" or of "intentional" conduct is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 18, 2012, the petitioner, who was riding his bicycle, allegedly became involved in a dispute with a motorist. The motorist's vehicle allegedly collided with the petitioner. The motorist drove away, and his identity is not known. The petitioner commenced this proceeding pursuant to Insurance Law § 5218(c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to recover damages for his injuries. The Supreme Court directed a framed-issue hearing on the issue of whether the incident was "intentional" conduct by the petitioner. After the hearing, the referee determined that the occurrence was not intentional on the part of the petitioner. The MVAIC moved, in effect, for leave to reargue, contending that the proper issue was whether the incident was the result of intentional conduct by the motorist. In the order appealed from, the Supreme Court granted the motion, in effect, for leave to reargue and, thereupon, directed a framed-issue hearing on the issue of whether the incident was the result of an "accident" or of intentional conduct by the motorist. The petitioner appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (Mudgett v Long Is. R.R., 81 AD3d 614, 614 [internal quotation marks omitted]; see Grimm v Bailey, 105 AD3d 703, 704). Here, the Supreme Court providently exercised its discretion in granting leave to reargue.
Article 52 of the Insurance Law ("motor vehicle accident indemnification act") seeks to provide "for the payment of loss on account of injury to or death of persons who, through no fault of their own, were involved in motor vehicle accidents caused by" vehicles that, for a variety of reasons, are not covered by insurance (Insurance Law § 5201[b]). Article 52 does not, however, cover incidents that are the result of intentional conduct by a tortfeasor, because those incidents are not caused "by accident" (McCarthy v Motor Veh. Acc. Indem. Corp., 16 AD2d 35, 41, affd 12 NY2d 922). Thus, here, if the driver of the motor vehicle that injured the petitioner acted intentionally, the petitioner may not recover in an action against the MVAIC. In initially failing to direct a hearing on the issue of whether the motorist's conduct was intentional, the Supreme Court misapprehended the law, and it providently exercised its discretion in granting leave to reargue and directing that a hearing be held on the issue of whether the motorist acted intentionally (see Matter of Progressive Northeastern Ins. Co. v Cipolla, 119 AD3d 946, 947).
Contrary to the petitioner's contention, State Farm Mut. Auto. Ins. Co. v Langan (16 NY3d 349) does not require a different result. In Langan, a tortfeasor intentionally caused injuries to an innocent person who was an insured under an automobile insurance policy. Recovery was sought under the uninsured/underinsured motorist endorsement of that policy. The insurer denied coverage on the ground that the injuries resulted from the tortfeasor's intentional conduct and therefore were not the result of an "accident." The Court of Appeals held that where recovery was sought from the insurer under the insured's own policy, the determination of whether the incident constituted an "accident" was to be viewed from the perspective of the innocent insured, rather than of the tortfeasor: "the intentional assault of an innocent insured is an accident within the meaning of his or her own policy. The occurrence at issue was clearly an accident from the insured's point of view" (id. at 356). The Court distinguished McCarthy v Motor Veh. Acc. Indem. Corp. (16 AD2d at 41), where recovery was sought from a state fund administered by the MVAIC (see State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d at 355-357; see also L 1965, ch 322, § 3). Here, as in McCarthy, the petitioner seeks to recover from the state fund administered by the MVAIC, and not from an insurer under an insurance policy as in Langan.
In sum, we agree with the Supreme Court's determination to grant the MVAIC's motion, in effect, for leave to reargue and, upon reargument, to direct a framed-issue hearing on the issue of whether the incident was the result of an "accident" or of intentional conduct by the motorist.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court