Gary Hall, Respondent,
against
Windbrooke Home Condominium Association, Appellant.




Cohen, Warren, Meyer & Gitter, P.C. (Lisa Albert of counsel), for appellant.
 Gary Hall, respondent pro se.

Appeal from a judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), entered February 23, 2017. The judgment, after a nonjury trial, awarded plaintiff the sum of $3,862.03.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Plaintiff commenced this small claims action in January 2016 to recover $4,945.98 in common charges which plaintiff had paid to defendant condominium association from September 1, 2014 through January 31, 2016. At a nonjury trial, plaintiff testified that his condominium unit had been totally destroyed by a fire in September 2014 through no fault of his own, and that he had continued to pay the common charges after September 1, 2014. He asserted that he was entitled to an abatement of the common charges for the period until defendant's reconstruction of his unit, and that defendant had breached the condominium bylaws when it applied for a variance, which had caused a delay in the reconstruction of his unit. Defendant argued that the bylaws do not permit an abatement of common charges and that its decision to apply for a variance was protected under the business judgment rule. Following the trial, the District Court awarded plaintiff the sum of $3,862.03.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
The declarations and bylaws of a condominium "are contracts and, thus, are governed by the principles of contract interpretation" (Weiss v Bretton Woods Condominium II, 151 AD3d 905, 906 [2017]). The bylaws required plaintiff, as a unit owner, to pay common charges assessed against him when due for the common elements, such as the land under the homes, all utilities located outside the homes, courtyards, and park areas. The condominium's bylaws do not allow for a proportionate abatement of common charges to the owners of condominium units which have been rendered wholly unusable as a result of damage resulting from an all-encompassing destruction such as a fire. Thus, the District Court erred in directing the return of the common charges that plaintiff had paid to defendant (see generally Condominium Act § 339-I [2] [Real Property Law art 9-B]).
Moreover, plaintiff failed to show that defendant had breached the bylaws by applying for a variance. Decisions made by the board of managers of a residential condominium are reviewed according to the business judgment rule, and courts must defer to a board's good faith decisions (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]). Nothing in the record establishes that the decision to apply for a variance was not done in good faith, and plaintiff did not show that the board had acted outside the scope of its authority, in a way that did not legitimately further the corporate purpose, or in bad faith, so as to trigger further judicial scrutiny of the board's actions (see Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399 [2017]).
Accordingly, as the judgment failed to render substantial justice according to the rules and principles of substantive law (see UDCA 1807), the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2018