Sunlight Clinton Realty, LLC v Gowanus Indus. Park, Inc. (2018 NY Slip Op 06783)





Sunlight Clinton Realty, LLC v Gowanus Indus. Park, Inc.


2018 NY Slip Op 06783


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07077
 (Index No. 513483/15)

[*1]Sunlight Clinton Realty, LLC, et al., appellants,
v
Gowanus Industrial Park, Inc., respondent.


Mendel Zilberberg & Associates, P.C., Brooklyn, NY (Samuel Karpel of counsel), for appellants.
James M. Maloney, Port Washington, NY, for respondent.



DECISION & ORDER
In an action for injunctive relief and to recover damages for private and public nuisance, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated June 17, 2016. The order granted the defendant's cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and denied the plaintiffs' motion for a preliminary injunction.
ORDERED that the order is affirmed, with costs.
The plaintiff Sunlight Clinton Reality, LLC (hereinafter Sunlight), and the defendant both own waterfront properties which are separated by a navigable body of tidal water known as the Henry Street Basin. In addition to its upland property, the defendant owns the lands underneath the Henry Street Basin. A bulkhead was erected on the defendant's property adjacent to Sunlight's property. Sunlight and the plaintiff Lighting & Supplies, Inc., which occupies Sunlight's property, allege that the defendant has allowed the bulkhead to fall into serious disrepair, and that the continuous loss of fill from the ebb and flow of the tides through the failed portions of the bulkhead have interfered with their use and enjoyment of Sunlight's property, including by creating sinkholes in its upland property.
The plaintiffs commenced this action alleging private and public nuisance, and seeking an injunction requiring the defendant to repair the bulkhead, as well as money damages. The plaintiffs moved for a preliminary injunction, and the defendant cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. The Supreme Court granted the defendant's cross motion, and denied the plaintiffs' motion. The plaintiffs appeal.
"A nuisance is the actual invasion of interests in land, and it may arise from varying types of conduct" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569). In the present case, the private nuisance claim is predicated upon the defendant's alleged negligence in maintaining its property. Where "a nuisance has its origin in negligence, negligence must be proven" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 569 [internal quotation marks omitted]). Duty is an essential element of negligence (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 289).
Here, the defendant had no duty to prevent the natural encroachment of public waters upon Sunlight's property (see Vanderwiele v Taylor, 65 NY 341, 346; cf. Macris v Matta, 101 AD3d 957; Frank v Garrison, 184 AD2d 852; Lichtman v Nadler, 74 AD2d 66; see also Restatement [Second] of Torts § 840[1]). The "maxim" that "requires one so to use his lands as not to injure his neighbor's . . . does not require one lot owner so to improve his lot that his neighbor can make the most advantageous use of his, or be protected against its natural disadvantages" (Vanderwiele v Taylor, 65 NY at 347). Accordingly, the plaintiffs have not stated a cause of action sounding in private nuisance (see Macris v Matta, 101 AD3d 957; Mangusi v Town of Mount Pleasant, 19 AD3d 656, 657).
The plaintiffs further failed to state a cause of action sounding in public nuisance. "A public nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 292). Here, the plaintiffs' mere allegation that "[t]he deteriorated state of the Bulkhead [was] substantially certain to result in an interference with the public's use or enjoyment of the Henry Street Basin and/or may endanger or injure the health of persons using the Henry Street Basin" was too conclusory and speculative to set forth a viable cause of action sounding in public nuisance.
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion to dismiss the complaint and deny the plaintiffs' motion for a preliminary injunction.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court