US Bank N.A. v Mendelovitz (2020 NY Slip Op 07621)





US Bank N.A. v Mendelovitz


2020 NY Slip Op 07621


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-02833
 (Index No. 10410/13)

[*1]US Bank National Association, etc., appellant,
v
Baruch Mendelovitz, etc., et al., defendants, Debbie Mendelovitz, etc., respondent.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Virginia C. Grapensteter and Austin T. Shufelt of counsel), for appellant.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (Roger A. Raimond and Michael A. Eisenberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 15, 2017. The order denied the plaintiff's motion for a judgment of foreclosure and sale, and granted that branch of the cross motion of the defendant Debbie Mendelovitz which was, in effect, for leave to reargue her opposition to the prior cross motion of the plaintiff, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Debbie Mendelovitz and Baruch Mendelovitz and for an order of reference, which had been granted in an order of the same court dated March 11, 2016, and, in effect, upon reargument, vacated the provision in the order dated March 11, 2016, granting the plaintiff's prior cross motion, and thereupon denied the plaintiff's prior cross motion.
ORDERED that the order dated December 15, 2017, is affirmed, with costs.
In June 2013, the plaintiff commenced this action to foreclose a mortgage against the defendants Debbie Mendelovitz (hereinafter Debbie) and Baruch Mendelovitz (hereinafter together the defendants), among others. The defendants served an answer to the complaint asserting various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of its cross motion, the plaintiff submitted evidence of its purported compliance with RPAPL 1304. In an order dated March 11, 2016, the Supreme Court, among other things, granted the plaintiff's cross motion.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. Debbie opposed the plaintiff's motion and cross-moved, in effect, for leave to renew and reargue her opposition to the plaintiff's prior cross motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated December 15, 2017, the Supreme Court denied the plaintiff's motion for a judgment of foreclosure and sale, and granted that branch of Debbie's cross motion which was, in effect, for leave to reargue, and, upon reargument, vacated the provision in the order dated March 11, 2016, granting the plaintiff's prior cross motion, inter alia, for summary judgment on the complaint insofar as asserted against the [*2]defendants and for an order of reference, and thereupon denied the plaintiff's prior cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of Debbie's cross motion which was, in effect, for leave to reargue her opposition to the plaintiff's prior cross motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of her cross motion, Debbie demonstrated that the court had mistakenly overlooked a matter of law in arriving at its earlier determination (see Weiss v Bretton Woods Condominium II, 151 AD3d 905, 905-906; Mudgett v Long Is. R.R., 81 AD3d 614).
Furthermore, we also agree with the Supreme Court's determination, in effect, upon reargument, that the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304 provides, inter alia, that a specific form of notice must be given to the borrower at least 90 days before the commencement of a mortgage foreclosure action (see RPAPL 1304[1]; Bank of Am., N.A. v Bittle, 168 AD3d 656, 657-658). The notice must be sent to the borrower "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]; see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720). Where a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, a party moving for summary judgment is required to make a prima facie showing of strict compliance with RPAPL 1304 (see Bank of Am., N.A. v Bittle, 168 AD3d at 657; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737; see also Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Here, to establish its compliance with the notice requirements of RPAPL 1304, the plaintiff submitted the affidavit of Heather Fronk, a Vice President of Loan Documentation for the plaintiff's loan servicer. Although Fronk stated in her affidavit that the RPAPL 1304 notices were mailed by certified and regular first-class mail, she did not attest to having personal knowledge of the mailing, and the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the notices were actually mailed to Debbie (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). In addition, the plaintiff failed to provide proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Citibank, N.A. v Crick, 176 AD3d 776, 778; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
The plaintiff's remaining contentions either are without merit, or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for a judgment of foreclosure and sale, and granting that branch of Debbie's cross motion which was, in effect, for leave to reargue, and, upon reargument, denying the plaintiff's prior cross motion, inter alia, for summary judgment on the complaint insofar asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court