Deutsche Bank Trust Co. Ams. v Garcia (2024 NY Slip Op 03880)

Deutsche Bank Trust Co. Ams. v Garcia

2024 NY Slip Op 03880

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-07756
 (Index No. 31792/18)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Sonia E. Garcia, et al., respondents, et al., defendants.

LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated August 12, 2022. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated October 7, 2020, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Sonia E. Garcia and Jose F. Garcia and for an order of reference.
ORDERED that the order dated August 12, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants Sonia E. Garcia and Jose F. Garcia (hereinafter together the defendants), among others, to foreclose a mortgage on a residential property located in Orangeburg. The defendants interposed an answer with 6 counterclaims and 32 affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. In an order dated October 7, 2020, the Supreme Court concluded, among other things, that the plaintiff failed to demonstrate the mailing of 90-day notices in strict compliance with RPAPL 1304. Accordingly, the court denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
Thereafter, the defendants moved to dismiss the complaint insofar as asserted against them, and the plaintiff cross-moved for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated August 12, 2022, the Supreme Court granted leave to reargue and, upon reargument, adhered to its prior determination in the order dated October 7, 2020, denying those branches of the plaintiff's prior motion. The plaintiff appeals.
RPAPL 1304 provides, inter alia, that a specific form of notice must be given to the borrower at least 90 days before the commencement of a mortgage foreclosure action (see id. § 1304[1]; Bank of Am., N.A. v Bittle, 168 AD3d 656, 657-658). The notice must be sent to the borrower "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]; see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720).
Here, in the order dated October 7, 2020, the Supreme Court concluded that the plaintiff failed to establish its strict compliance with RPAPL 1304, as it failed to provide evidence of the actual mailing of the 90-day notices or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Freedom Mtge. Corp. v King, 215 AD3d 923, 925-926). In support of its cross-motion for leave to reargue, the plaintiff did not dispute its failure to demonstrate its compliance with RPAPL 1304. Rather, the plaintiff contended only that the defendants abandoned the RPAPL 1304 defense by failing to raise it in opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Therefore, the plaintiff contended that the court erred in raising the RPAPL 1304 defense on the defendants' behalf. However, contrary to the plaintiff's contention, where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, a party moving for summary judgment is required to demonstrate its strict compliance with the statute as part of its prima facie showing on the motion (see US Bank N.A. v Mendelovitz, 189 AD3d 1307, 1308-1309; Bank of Am., N.A. v Bittle, 168 AD3d at 657; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737). Only if that burden is met does the burden then shift to the party opposing the motion to tender evidence in admissible form sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the court properly denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court, upon reargument, properly adhered to its prior determination in the order dated October 7, 2020, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court